IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AMMON PHILLIP | * | |
| v. | * | Civil No. RDB-12-0284 |
| UNITED STATES OF AMERICA | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-10-0365 |
| AMMON PHILLIP | * | |

## **MEMORANDUM OPINION**

The *pro se* petitioner Ammon Phillip has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 32). Petitioner challenges his sentence on grounds that his attorney rendered ineffective assistance of counsel, in violation of his rights under the Sixth Amendment. In his Motion to Vacate, Petitioner claims that counsel (1) did not predict the likely sentence he would receive; (2) did not tell him that the Government would have had to prove every element of the charged crime at trial; and (3) did not discuss his right to appeal before he entered his guilty plea. Upon reviewing Petitioner's Motion and the Government's opposition thereto, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). Because Petitioner has not demonstrated that counsel provided ineffective assistance, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 32) is DENIED.

### BACKGROUND

On October 29, 2010, Ammon Phillip ("Petitioner") pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Plea Agreement, ECF No. 19. Petitioner entered his guilty plea under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, in which he expressly agreed to a mandatory minimum sentence of 180 months pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See id.* After finding that Petitioner carefully reviewed the contents of

1

his plea agreement and knowingly accepted the proposed sentence, this Court imposed a 180-month term of incarceration. Judgment, ECF No. 27.

The facts of this case are taken from Petitioner's plea agreement. (ECF No. 19). On March 2, 2010, police officers observed Petitioner walking on the 1700 block of Montpelier Street in Baltimore, Maryland. Plea Agreement 4. The officers observed several individuals walk up to Petitioner and hand him money in exchange for small items. *Id.* After witnessing multiple such incidents consistent with drug transactions, the officers arrested Petitioner after he returned to his vehicle. *Id.* In a search made incident to Petitioner's arrest, officers found heroin on Petitioner and a 9 millimeter Ruger handgun in the backseat of Petitioner's vehicle. *Id.*

On June 23, 2010, a grand jury indicted Petitioner on one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Indictment, ECF No. 1. On October 29, 2010, Petitioner reached a plea agreement with the Government, in which he pled guilty to the firearms charge in exchange for the dismissal of the narcotics charge. *See* Plea Agreement. Upon finding that Petitioner was an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), this Court sentenced Petitioner to a mandatory minimum sentence of 180 months (ECF No. 27).

On January 30, 2012, Petitioner filed the pending Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 32). In his Motion, Petitioner asserts that he received ineffective assistance of counsel for three reasons. First, Petitioner claims that counsel should have informed him that this Court would sentence him to a 180-month prison sentence, which was greater than the sentence he expected. *See* Pet'r's Mot. 5. Second, Petitioner argues that counsel failed to inform him that, in order to be found guilty at trial, the Government would have to prove each element of the gun possession offense beyond a reasonable doubt. *See id.* at 6. Finally, Petitioner asserts that counsel did not explain that by accepting his plea agreement he waived his appellate rights. *See id.* at 8. On October 31, 2012, the Government filed its Response to Petitioner's Motion. *See* Gov.'s Resp., ECF No. 38. Though Petitioner was given an opportunity to file a reply, he never did so.

Upon review of Petitioner's Motion to Vacate and the Government's Response, this Court finds that Petitioner fails to show that counsel provided ineffective assistance. Thus, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 32) is DENIED.

## STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). In order to establish a claim for ineffective assistance of counsel, a petitioner must prove both elements of the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). First, a petitioner must show that his counsel's performance was so deficient as to fall below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was unconstitutionally deficient, courts adopt a "strong presumption" that a counsel's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, a petitioner must show that his counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687. In order to establish this level of prejudice, the petitioner must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Satisfying either of the two parts of the test alone is not sufficient; rather, the petitioner must meet both prongs of the *Strickland* test in order to be entitled to relief. *See id.* at 687.

## ANALYSIS

In his Motion to Vacate, Petitioner makes three arguments—namely, that counsel (1) did not inform him that he would likely receive a 180 month sentence, (2) failed to explain that the Government would have had to prove every element of the gun possession charge at trial, and (3) neglected to advise him of his appellate rights, which he waived in his plea agreement. Finding that none of Petitioner's claims has any merit, this Court denies Petitioner's Motion to Vacate.

**I.       Petitioner's Claim that Counsel Did Not Inform Petitioner of His Likely Sentence**

Petitioner claims that counsel "was ineffective for failing to inform [Petitioner] that [there] would be no significant change to his guideline range." Pet'r's Mot. 5. This Court construes Petitioner's argument to mean that he expected to receive a lower sentence than the one he received, and did not expect this Court to find that he qualified as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA mandates a fifteen-year minimum prison sentence for anyone "who violates section 922(g) of [Title 18] and has three previous convictions by any court referenced in 922(g)(1) of [Title 18] for a violent felony or serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e). This Court determined that Petitioner was an Armed Career Criminal and sentenced him to a fifteen-year sentence. Petitioner now claims that counsel was ineffective because he did not inform Petitioner that this Court would rely on the ACCA in sentencing him.

Petitioner's claim fails for three reasons. First, the Fourth Circuit has held that a petitioner cannot mount a successful claim of ineffective assistance for counsel's failure to predict the likely sentence that he or she will receive. *See, e.g., United States v. Foster*, 68 F.3d 86, 87-88 (4th Cir. 1995) (rejecting ineffective assistance of counsel claim by defendant sentenced as a "career offender" who entered a guilty plea only upon assurances by counsel to the contrary); *United States v. Lambey*, 974 F.2d 1389 (4th Cir. 1992) (denying ineffective assistance of counsel claim by defendant sentenced to a 360-month term who entered a guilty plea upon counsel's assurance that he faced a term of imprisonment between 78 and 108 months).

Second, Petitioner's argument does not meet the performance prong of *Strickland*, which requires Petitioner to show that counsel's actions fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Petitioner's plea agreement with the Government explicitly states that this Court may find that Petitioner qualifies as an Armed Career Criminal, which would carry a minimum prison sentence of 180 months. *See* Plea Agreement 2. In his plea agreement, Petitioner expressly agreed to a sentence of

imprisonment of 180 months pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.[1] *See id.* at 5. Furthermore, Petitioner signed the agreement, indicating that he carefully reviewed the contents of the document with counsel. *See id.* at 8. Because Petitioner does not provide any evidence showing otherwise, this Court concludes that counsel properly discussed the mandatory minimum sentence that Petitioner would receive. Accordingly, Petitioner fails to satisfy his burden under the first prong of *Strickland*, because counsel acted reasonably when he reviewed the plea agreement with Petitioner.

Finally, this Court thoroughly went over the plea agreement with Petitioner at his rearraignment, explaining that Petitioner could face a mandatory minimum sentence of 180 months under the ACCA, and Petitioner indicated that he understood the Court's explanation.[2] *See* Gov.'s Resp. 4, Ex. 5. Despite Petitioner's assurances that he would accept a fifteen-year sentence, this Court reiterated the contents of Petitioner's agreement. *See id.* at 16. Petitioner again affirmed his understanding. *See id.* Because Petitioner had full knowledge of the likely sentence in his case, he cannot show that he was prejudiced by counsel's alleged failure to inform him of the sentence in his case.

In summary, Petitioner cannot make out a claim of ineffective assistance of counsel for failure to inform him of the likely sentence in his case. The Fourth Circuit has denied such claims, and Petitioner failed to show that counsel and this Court did not inform him of the agreed-upon 180-month sentence. Therefore, Petitioner fails to mount a *Strickland* claim for ineffective assistance of counsel.

---

[1] Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure authorizes the government and the defendant to agree upon an appropriate sentencing range in a plea agreement. At sentencing, a court engages in a Rule 11 colloquy with the defendant, in which the court ensures that the defendant understands the implications of his plea agreement. The United States Court of Appeals for the Fourth Circuit has held that, in the absence of "extraordinary circumstances," the truth of statements made in a Rule 11 colloquy is "conclusively established" and that a district court should "dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005)

[2] This Court told Petitioner, "It's not a matter of discretion with the Court or anything else . . . If you have a certain number of predicate convictions under 18 United States Code, section 924(e) . . . you qualify as an armed career criminal. And by law . . . there can be no less than 15 years as a prison sentence. . . . The plea agreement that has been proffered to me is . . . that you plead guilty to Count II and you accept an agreed sentence of 180 months. Do you understand that?" Gov.'s Resp. 4, Ex. 5. Petitioner responded, "Yes, sir." *Id.*

5

**II.    Petitioner's Claim that Counsel Did Not Inform Petitioner that the Government Would Have Had to Prove Every Element of the Charged Crime Beyond a Reasonable Doubt**

Petitioner claims that counsel did not explain that the Government would have had to prove every element of the charged offense in order to obtain a guilty verdict.  *See* Pet'r's Mot. 6.  Petitioner's claim fails, because both defense counsel and this Court discussed the elements of the crime with Petitioner on separate occasions.  The first page of Petitioner's plea agreement with the Government details the crime of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).  *See* Plea Agreement 1.  The document lists the three elements of the crime, and states that the Government would have to prove all of the elements if the case went to trial.  *See id.*  Petitioner signed the plea agreement, indicating that he "carefully reviewed every part with [his] attorney."  *See id.* at 8.  Therefore, this Court finds that Petitioner's *Strickland* claim lacks merit, because he does not successfully demonstrate that counsel's actions were not reasonable.

Second, Petitioner would not have suffered any prejudice if counsel failed to go over the elements of the crime with him.  Under the prejudice prong of *Strickland*, Petitioner must show that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different."  466 U.S. at 694.  During Petitioner's plea colloquy, this Court went over each element of the crime of possession of a firearm by a convicted felon.  *See* Gov.'s Resp. 21-22, Ex. 5.  Petitioner signified that he understood each element, and that the Government would have to prove his case beyond a reasonable doubt at trial.  *See id.* at 19, 21-22.  This Court made Petitioner aware of the elements of the crime, and gave him ample opportunity to object or ask for clarification.  Even if counsel failed to review the charged offense, Petitioner's *Strickland* claim fails under the prejudice prong.

**III.    Petitioner's Claim that Counsel Did Not Inform Petitioner of His Appellate Rights**

Finally, Petitioner challenges counsel's representation for allegedly failing to explain Petitioner's right to appeal.  *See* Pet'r's Mot. 8.  Petitioner argues that, had he known that he could appeal his conviction, his case would have been addressed by the United States Court of Appeals for the Fourth Circuit and the Supreme Court on the issue regarding whether his possession of the 9 millimeter Ruger

handgun affected interstate commerce. *See id.* Petitioner's argument fails, because Petitioner, again, does not satisfy either prong of *Strickland*.

In order to meet the first prong of *Strickland*, Petitioner must show that counsel's actions did not fall below an "objective standard of reasonableness." 466 U.S. at 688. Here, the evidence demonstrates that counsel properly informed Petitioner of his appellate rights. Petitioner's plea agreement included a section titled "Waiver of Appeal," which specified that both Petitioner and the Government waived their rights to appeal Petitioner's sentence if this Court imposed a 180-month sentence. *See* Plea Agreement 6. The plea agreement repeated Petitioner's waiver of his right to appeal in a section titled "Waiver of Rights." *See id.* at 3. As noted above, Petitioner signed the document, which indicated his careful review of the terms and conditions of his plea agreement with counsel. *See id.* at 8. Petitioner fails to make out any facts demonstrating that counsel did not go over his plea agreement with him. Therefore, Petitioner cannot fulfill his burden under the first prong of *Strickland*.

Petitioner's claim also fails to satisfy the second prong of *Strickland*. Under the prejudice prong, Petitioner must show that the outcome of his case would have been different if counsel did not commit the alleged errors. *See Strickland*, 466 U.S. at 694. During Petitioner's plea colloquy, this Court informed Petitioner that he would waive his right to appeal if this Court imposed a 180-month sentence. *See* Gov.'s Resp. 21, Ex. 5. This Court also informed Petitioner of his right to a jury trial and the right to appeal the verdict if the jury found him guilty. *See id.* Petitioner indicated that he understood his rights and was willing to waive them. *See id.* Given that this Court adequately informed Petitioner of his appellate rights, Petitioner cannot now claim that he suffered prejudice from counsel's alleged failure to discuss his right to appeal. Thus, Petitioner's claim fails under the second prong of *Strickland*.

## CONCLUSION

Petitioner's claims of ineffective assistance of counsel lack merit, because Petitioner has failed to make out sufficient facts to satisfy his burden under either the first or second prong of *Strickland v. Washington*, 466 U.S. 668 (1984). For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 32) is DENIED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: April 19, 2013

_____/s/_____
Richard D. Bennett
United States District Judge